**Snyder v. Epworth Methodist Episcopal Church**

*David Acker,* for plaintiffs.
*Richard Flannery,* for defendant.

SALMON and HENDERSON, *Senior Judges, Specially Presiding,* March 20, 1980—Plaintiffs have filed a complaint in equity, seeking to establish an easement by prescription over land owned by defendant. Presently before the court are defendant's preliminary objections. Although the preliminary objections are stated both as a demurrer and a motion to strike, each raises similar issues concerning plaintiffs' failure to plead certain facts.

The predominant issue raised concerns the location of the easement as described in the pleadings. Paragraph 11 of the complaint describes the easement as:

"A visible alley from the southern portion of the plaintiffs' property, where the garage is located, to the defendant's parking lot; thence in a line to the entranceway of the parking lot located on Butler Avenue; and in a line from the point where the alley and the parking lot meet to the entranceway of the parking lot located on East Washington Street."

Defendant contends this description is not specific enough to meet the requirement of establishing the location of an easement. The location of the road must be certain, continuous and apparent, palpable and manifest, and obviously permanent in its nature: Becker v. Rittenhouse, 297 Pa. 317, 147 Atl. 51 (1929). Although there is little case law refining this requirement, we agree with plaintiffs that it does not mandate a metes and bounds description of the easement.

As defendant contends, a right-of-way may not ramble or shift over various lines of its property. However, there is nothing in the present description which suggests such rambling. Plaintiffs claim the easement begins at the point where a visible alley meets defendant's parking lot. This is

clearly a certain and obvious location which can easily be located without the expense of a survey. The two easements claimed are then alleged to end at two distinct points: the first at the entranceway to the parking lot on Butler Avenue, and the second at a similar entranceway on East Washington Street. Again, these points seem capable of precise location. Further, it is alleged that both easements proceed "in a line" from the alley to their respective ending points. It is a fundamental geometric principle that there can be only one straight line between any two established points. Thus, plaintiffs have pled, in each instance, a definite, unshifting, locatable path. Any averment as to the length of these paths would be evidentiary only and therefore is not required. Defendant also argues that the description does not mention the width of the easement. Although this is true, and the width cannot be determined from Paragraph 11, this issue does not present a problem. Plaintiffs do allege that the easement was used "for ingress and egress by foot and vehicles." Thus, it should not be difficult to establish a proper reasonable width. The exact width required for such use is therefore also evidentiary and not required. A fair reading of the complaint thus shows a sufficient description of the alleged easement.

The only issues other than description of the easement raised by defendant concern the period of time involved and the names and addresses of plaintiffs' predecessors in title. Paragraph 9 alleges the use has been uninterrupted for over 21 years. Although the particulars of this period will require proof at trial, the present allegation is sufficient at this time. As for plaintiffs' predecessors in title, Paragraph 4 alleges a deed from the property's prior owners and incorporates that deed as an exhibit.

The grantors in that deed conveyed the property as executors of the estate of their mother, Margaret I. Griffiths. In addition, the recital clause traces the ownership of the property back to September 15, 1944—well beyond the 21 year period in question.

We therefore find no reason to require a more specific pleading and accordingly dismiss defendant's preliminary objections.

### ORDER

And now, March 20, 1980, for reasons set forth in the foregoing opinion, defendant's preliminary objections are dismissed.